IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| SHAWN HOWARD WELLER, | CV 15-0073-H-DLC-JTJ |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| KATHY SEELEY, MIKE MCGRATH, TIM FOX, LEO GALLAGHER, and DAN O'FALLON, | |
| Defendants. | |

This matter comes before the Court on Plaintiff Shawn Weller's Motion to Proceed in Forma Pauperis (Doc. 1) and a proposed Complaint (Doc. 2). The motion to proceed in forma pauperis will be granted. The majority of Defendants are entitled to absolute immunity, and Mr. Weller's claims are barred by the *Heck* and *Rooker-Feldman* doctrines. These are not defects that could be cured by amendment. The Complaint should be dismissed.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Weller has filed a Motion to Proceed in Forma Pauperis and submitted an account statement sufficient to make the showing required by 28 U.S.C. §1915(a). (Doc. 1.) The request to proceed in forma pauperis will be granted. 28

U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Weller must pay the statutory $350.00 filing fee. Mr. Weller submitted an account statement from the Great Falls Regional Prison where he is currently incarcerated showing that he has insufficient funds to pay an initial partial filing fee. That fee will be waived, but Mr. Weller must make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by Congress and cannot be altered. 28 U.S.C. § 1915(b)(2). A separate order will direct the agency having custody of Mr. Weller to forward payments from his account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. STATEMENT OF CASE

### A. Parties

Mr. Weller is a state prisoner proceeding without counsel. On the first page of his motion to proceed in forma pauperis, Mr. Weller lists the State of Montana, Attorney General, County Attorney, and Dan O'Fallon as Defendants. (Doc. 1 at 1.) On the first page of his Complaint, Mr. Weller lists the State of Montana, First Judicial Court, and Montana Supreme Court as Defendants. (Doc. 2 at 1.) In the parties section of the Complaint, Mr. Weller named the following Defendants:

Kathy Seeley, Mike McGrath, Tim Fox, Leo Gallagher, and Dan O'Fallon.

### B. Prior Criminal Proceedings

Mr. Weller has filed ten matters in the Montana Supreme Court concerning his criminal proceedings in Lewis and Clark County. *Weller v. State of Montana*, Montana Supreme Court OP 15-0406, July 22, 2015. The Montana Supreme Court describes Mr. Weller's history as follows:

> Weller was on parole for partner or family member assault when, on July 27, 2006, he was arrested for driving under the influence (DUI) in Lewis and Clark County. After posting his bond, Weller absconded. His charge was later amended to felony DUI. Weller was arrested in Texas, and on March 21, 2007, he was delivered to Montana State Prison as a parole violator. His parole was revoked. In March 2008, a jury convicted Weller of felony DUI. The District Court designated Weller a persistent felony offender and sentenced him to a twenty-two year commitment with seventeen years suspended. He appealed, solely on the issue of a jury instruction, and we affirmed. *State v. Weller*, No. DA 08-0207, 2009 MT 168, ¶¶ 1-2, 9, 350 Mont. 485, 208 P.3d 834 (*Weller 1*).
>
> After his appeal, Weller filed various writs with this Court. In 2009, Weller filed a petition for a writ of habeas corpus, in which he alleged transcript inaccuracies and an altered transcript, and "that he was denied a complete record of his trial proceeding." *See Weller v. Mahoney*, No. OP 09-0415, Or. (Mont. Aug. 20, 2009) (*Weller 2*). We denied his petition. In 2010, Weller raised the issue of "falsified and altered [] trial court transcripts" in his second petition for habeas relief. *Weller v. Mahoney*, No. OP 10-0566, Or. (Mont. Feb. 20, 2011)(*Weller 3*). He also claimed that, following his 2008 conviction, he should have been readmitted to Martz Diagnostic Intake Unit (MDIU), and that he was denied a custody assignment, a referral to treatment programs, and a parole eligibility date. Following a

3

response from the Department of Corrections (DOC), this Court denied his petition.

In July 2011, Weller filed an "amended petition for postconviction relief" with the Lewis and Clark County District Court, after the court had denied his first petition for postconviction relief, filed in June 2009. The District Court dismissed the amended petition, and he appealed in October 2011. *Weller v. State*, No. DA 11-0587, 2012 MT 117N, ¶¶ 4-5, 365 Mont. 558, P.3d (*Weller 4*). We determined that his petition was procedurally barred. In affirming the District Court, we stated that:

> The District Court dismissed Weller's amended petition, reasoning that "the post-conviction relief procedures do not contemplate the filing of an amended petition after issuance of the [c]ourt's decision on the original petition. If Weller was dissatisfied with the [c]ourt's decision, his proper remedy was appeal."

*Weller 4*, ¶ 5.

In March 2012, a petition to revoke was filed in Lewis and Clark County, and Weller's parole was revoked again. The District Court sentenced Weller to the DOC for seventeen years. In February 2013, he filed a petition for out-of-time appeal, which we denied. *State v. Weller*, No. DA 13-0143, Or. (Mont. Mar. 20, 2013) (*Weller 5*). In that action, Weller "unsuccessfully sought copies of the transcripts of the revocation proceedings through the Office of Public Defender (OPD) and Clerk of District Court." *Weller 5*, p. 2. In April 2013, Weller sought supervisory control over Lewis and Clark County Cause No. CDC 2007-207. *Weller v. State and Hon. Kathy Seeley*, No. OP 13-0247, Or. (Mont. May 29, 2013) (*Weller 6*). Weller raised two issues—the alleged prejudice and bias of District Court Judge Seeley and that his appointed counsel had failed to provide him a copy of the motion to withdraw with the accompanying memorandum. We denied his petition because Weller could have raised his issues in a timely petition for postconviction relief, which he chose not to do.

4

*Weller 6*, p. 1.

*Weller v. State of Montana*, Montana Supreme Court OP 15-0406, July 22, 2015 (footnote omitted).

In 2015, Mr. Weller filed a writ of mandamus and a request for production of transcripts, asking the Montana Supreme Court to assist him in acquiring copies of the transcripts of the Lewis and Clark County district court proceedings under Cause No. CDC-2007-207. *Weller v. State of Montana*, Montana Supreme Court OP 15-0406, July 22, 2015. The Montana Supreme Court denied the petition, stating:

> Weller has exhausted his procedural alternatives with this Court as well. We have concluded before that "[t]he doctrines of law of the case and res judicata bar Weller's claim concerning the content of the transcript." Weller 3, p. 2. These doctrines also bar Weller's claims as listed above. See Lewis and Clark Co. v. Schroeder, 2014 MT 106, ¶ 14, 374 Mont. 477, 323 P.3d 207 ("Res judicata is based on the principle of finality—litigation must, at some point come to an end.") (internal citations omitted).

*Id.* at 5.

### C. Allegations

Mr. Weller alleges Defendants violated his double jeopardy rights in violation of the Fifth and Fourteenth Amendments, violated his right to a fair trial as guaranteed by the Sixth and Fourteenth Amendments, and violated his Eighth

Amendment right protecting him from cruel and unusual punishment. (Complaint, Doc. 2 at 6.)

He alleges that when his sentence was revoked for drinking he received a harsh sentence that violates the double jeopardy clause of the Fifth Amendment and amounts to cruel and unusual punishment. (Complaint, Doc. 2 at 10-11.)

For his relief, Mr. Weller seeks transcripts (presumably the same transcripts he was seeking in the Montana Supreme Court) and release from prison. (Complaint, Doc. 2 at 13.)

## III. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

### A. Standard

As Mr. Weller is a prisoner proceeding in forma pauperis, the Court must screen his Complaint under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. These statutes require the Court to review a prisoner's complaint and dismiss it or portions there of before it is served upon the defendants if it finds that the complaint is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement

6

to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint must set forth "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* A complaint must " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*quoting Bell*, 550 U.S. at 555 (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957))).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson*, 551 U.S. at 94; *Cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

B. Analysis

1. Immunity

Mr. Weller's claims against Kathy Seeley, Mike McGrath, Tim Fox, and Leo Gallagher are not cognizable. Judges and prosecutors are immune from liability under Section 1983 when they are functioning in their official capacities. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976); *see also Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (holding that judges and prosecutors are immune from liability for damages under § 1983). Where a prosecutor acts within his authority " 'in initiating a prosecution and in presenting the state's case,' absolute immunity applies." *Ashelman*, 793 F.2d at 1076 (*quoting Imbler*, 424 U.S. at 431). Mr. Weller's claims arise out of the Defendants functioning in their official capacities. As such, these Defendants are entitled to absolute immunity and should be dismissed.

2. *Heck v. Humphrey*

In addition, Mr. Weller's claims are, at least in part, challenges to his criminal convictions and, as such, are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the United States Supreme

8

Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. *Id.*

> [W]hen a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487.

A determination in this Court regarding whether any of Mr. Weller's rights were violated during his criminal proceedings would necessarily imply the invalidity of those convictions. As Mr. Weller's conviction has not been reversed, declared invalid, expunged, or called into question, his claims are barred by *Heck*.

### 3. *Rooker-Feldman*

Lastly, this Court does not have jurisdiction over Mr. Weller's claims to the extent he is seeking to appeal the Montana Supreme Court's denial of transcripts.

9

Federal district courts do not have appellate jurisdiction over state court judgments. *See* 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). The *Rooker–Feldman* doctrine forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment and seeking federal court review and rejection of that judgment. *Skinner v. Switzer*, 562 U.S. 521, 531 (2011).[1] This jurisdictional bar extends to actions that are de facto appeals from state court judgments in that the federal claims "are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008).

The *Rooker–Feldman* doctrine precludes federal subject-matter jurisdiction over claims involving state court judgments when four factors are met. First, the plaintiff must have lost in the state court. Second, the state court judgment must have been rendered before the filing of the federal claim. Third, the plaintiff must complain of injuries caused by the state court judgment. Finally, the plaintiff's complaint must invite the district court to review and reject the judgment of the

---

[1] The *Rooker–Feldman* doctrine derives its name from two United States Supreme Court cases: *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923).

state court. *Exxon Mobil Corp.*, 544 U.S. at 284.

Here, the four factors are met. Mr. Weller's request for transcripts (the same request made in this Court) was denied in the Montana Supreme Court two weeks before he filed his Complaint. This Court does not have jurisdiction to review that decision. Mr. Weller's claims regarding a denial of transcripts are barred by the *Rooker-Feldman* doctrine.

**IV. CONCLUSION**

Defendants Seeley, McGrath, Fox, and Gallagher are entitled to absolute immunity and should be dismissed. In addition, Mr. Weller's claims are barred by the *Heck* doctrine and the *Rooker-Feldman* doctrine. These are not defects that could be cured by amendment. Accordingly, the Complaint should be dismissed.

**"Strike" under 28 U.S.C. §1915(g)**

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or failure to state a claim. 28 U.S.C. §1915(g).

The question of whether a complaint dismissed pursuant to *Heck* constitutes a strike has not been addressed by the Ninth Circuit. *Andrews v. Cervantes,* 493 F.3d 1047, 1052, n. 2 (9th Cir. 2007). However, the Supreme Court in *Heck* stated

11

its ruling was based on a denial of "the existence of a cause of action." *Heck*, 512 U.S. at 489. Several other courts have held that *Heck* dismissals constitute dismissals for failure to state a claim. *See e.g., Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A §1983 claim which falls under the rule in *Heck* is legally frivolous."); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) ("[I]n light of *Heck*, the complaint was properly dismissed for failure to state a claim."); *Ransom v. Westphal, et al.*, 1:08 CV 01327 DMS AJB (E.D. Cal. April 4, 2010); *Romero v. United States, et al.*, No. CV 11-531-PHX-DGC 2011 U.S. Dist. WL 1261293 (D.Ariz. Apr. 5, 2011). Finding this authority to be persuasive, the Court finds that a dismissal pursuant to *Heck* should be a strike under 28 U.S.C. §1915(g).

In addition, the Court finds that the filing of this action is malicious in light of Mr. Weller's filing history in the Montana Supreme Court. The issues he raises have been definitively decided in state court. The filing of this case with similar frivolous allegations is malicious. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious). The dismissal of this case should constitute a strike under 28 U.S.C. §1915(g).

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Mr. Weller's Motion for Leave to Proceed in forma pauperis (Doc. 1) is granted. The Clerk of Court shall waive prepayment of the filing fee.

2. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED," and the Complaint is deemed filed on August 6, 2015.

3. At all times during the pendency of this action, Mr. Weller must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

**RECOMMENDATIONS**

1. Mr. Weller's Complaint (Doc. 2) should be dismissed. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The

record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Mr. Weller failed to state a claim upon which relief may be granted, his claims are frivolous and malicious.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Weller may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 14th day of September, 2015.

                                    */s/ John Johnston*
                                    United States Magistrate Judge

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.