FILED

FEB 02 2016

Clerk, U.S. District Court
District of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| SHAWN HOWARD WELLER, <br><br> Plaintiff, <br><br> vs. <br><br> KATHY SEELEY, MIKE MCGRATH, TIM FOX, LEO GALLAGHER, and DAN O'FALLON, <br><br> Defendants. | CV 15–73–H–DLC–JTJ <br><br> ORDER |

United States Magistrate Judge John Johnston entered his Order, Findings and Recommendations in this matter on September 14, 2015, recommending dismissal of Plaintiff Shawn Howard Weller's ("Weller") Complaint. Weller filed an objection to the Findings and Recommendations on October 10, 2015, and so is entitled to de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been committed."

*United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Notwithstanding the above, "[w]here a petitioner's objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [pleading], the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315 at *3 (D. Mont. Feb. 21, 2014) (citations omitted).

In his objections, which span twenty four pages, Weller fails to specify clear objections with the Findings and Recommendations and instead attempts to reargue perceived legal and factual defects with his original sentence and his proceedings before the Montana Supreme Court. Weller also reasserts variations of his arguments before Judge Johnston concerning the alleged violations of his constitutional rights.[1] However, a close reading of these arguments reveal one possible objection with Judge Johnston's Findings and Recommendations.

Judge Johnston found that Weller's section 1983 claims were barred, in part, by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).

---

[1] Because these arguments attempt to rehash the original arguments set forth in his Complaint, and fail to specify particular objections with the legal reasoning set forth in the Findings and Recommendations, these arguments will be reviewed for clear error. *See Rosling v. Kirkegard*, 2014 WL 693315 at *3 (D. Mont. Feb. 21, 2014) (citations omitted).

This doctrine is premised on a prisoner seeking money damages. *Id.* at 487. Weller maintains that, contrary to Judge Johnston's "beliefs," he is not asking for money damages and, instead, seeks the transcripts from his 2012 revocation proceeding. (Docs. 12 at 1; 12-1 at 23.) Thus, Weller's objection could be read to argue that *Heck* only bars claims for money damages, and not claims seeking relief in the form of transcripts.

This argument, however, has already been addressed. In *Osborne v. District Attorney's Office for the Third Judicial District*, the Ninth Circuit clarified that *Heck*, and its progeny, "applies both to actions for money damages and to those, like this one, for injunctive relief." 423 F.3d 1050, 1053 (9th Cir. 2005) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("These cases, taken together, indicate that a state prisoner's § 1983 action is barred . . . no matter the relief sought (damages or equitable relief) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). Thus, the relevant factor in determining if a prisoner's action is barred under *Heck* is not the relief sought, but whether granting the prisoner's claim would "necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487.

Here, as stated in the Findings and Recommendations, Weller has filed ten matters concerning his criminal proceedings and ultimate conviction in Lewis and

Clark County. Weller is now suing the state officials associated with those matters alleging they violated his constitutional rights. If Weller's request was granted, this Court would be required to find that these officials violated his constitutional rights. Such a finding would imply the invalidity of his conviction and is barred by *Heck*. Weller's objection is overruled.

Accordingly, the Court reviews the remainder of Judge Johnston's Findings and Recommendations for clear error. Finding none, the Court will dismiss Weller's Complaint as frivolous, malicious, and for failure to state a claim. Additionally, Weller has also filed two motions since the Findings and Recommendations were issued. Because the Court is dismissing Weller's Complaint, these motions will be denied as moot.

IT IS ORDERED that:

(1) Judge Johnston's Findings and Recommendations (Doc. 7) are ADOPTED IN FULL.

(2) Plaintiff Shawn Howard Weller's Complaint (Doc. 2) is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

(3) All other motions (Docs. 13, 14) are DENIED as moot.

(4) The Clerk of Court is directed to have the docket reflect that the

Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

(5) The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Weller failed to state a claim upon which relief may be granted, his claims are frivolous and malicious.

DATED this 2rd day of February, 2016.

Dana L. Christensen, Chief Judge
United States District Court